GARRISON, Judge.
On May 20, 1982, Kay Guerra Serpas filed a petition for separation from her husband, Justin G. Serpas, in the 34th Judicial District Court for St. Bernard Parish. On September 7, 1982, she was granted a legal separation and given custody of their seven year old child, Krystal Dawn Serpas, subject to visitation privileges of the father. On July 1, 1983, Mr. Serpas filed a motion and rule for custody of the child alleging that Mrs. Serpas was subjecting the child to an immoral environment by engaging in an illicit relationship with a man named Johnnie Dobard. According to Mr. Serpas, Mrs. Serpas had spent several nights with Mr. Dobard at his apartment while the child slept on the living room floor.
At a court proceeding on September 9, 1983, Mrs. Serpas admitted that she and Krystal had spent several nights at Mr. Dobard’s apartment. Mrs. Serpas was warned by the court in accordance with Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), to discontinue her misconduct or the child would be removed from her custody and placed in Mr. Serpas’ custody.
Mr. Serpas now alleges that Kay Serpas continued her illicit relationship with Johnnie Dobard after the September 9, 1983 Fulco warning. More specifically, he contends that Dobard spent the nights of December 14 through December 18, 1983 at Kay Serpas’ apartment.
After hearing testimony from Kay Ser-pas, Justin Serpas, Johnnie Dobard, Krystal Serpas and Gerard Assevado, a private investigator hired by Justin Serpas, the trial judge dismissed the rule for custody filed by Justin Serpas and ordered that custody of Krystal Serpas remain with Kay Serpas subject to the visitation privileges of Justin Serpas. Justin Serpas now appeals from this judgment.
At trial, John Dobard admitted spending nights with Kay Serpas prior to September 9, 1983; however, he claims that he and Mrs. Serpas did not ever spend the entire night together at her apartment or at his apartment after the warning by the court. He did admit that he stayed late at night and arrived early in the morning at Mrs. Serpas’ apartment on a regular basis. Both Dobard and Kay Serpas admitted that they continued their sexual relationship after September 9,1983; however, they claim that these relations only took place at Do-bard’s apartment when Krystal was not in the apartment.
Kay Serpas gave essentially the same testimony as Dobard reiterating their contention that after the September 9, 1983 court warning, she and Dobard never spent *711 an entire night together and their sexual relations were confined to Dobard’s apartment when Krystal was elsewhere.
Gerard Assevado, a private investigator hired by Justin Serpas, testified that he conducted continuous surveillance of Kay Serpas’ apartment from December 14 through December 18, 1983. He testified that John Dobard stayed all night on these four nights at Kay Serpas’ apartment. He claimed that because the apartment had only one entrance and exit, he would have seen if Dobard had exited the apartment late at night or entered early in the morning.
In assessing Mr. Assevado’s credibility, it must be noted that he conducted his surveillance alone and, therefore, no one is able to corroborate his story. Additionally, he claims that he kept a constant watch of Kay Serpas’ apartment and that he did not leave to use the restroom from the time Dobard and Mrs. Serpas entered the apartment in the late afternoon until the time Dobard left the apartment the next day during midmorning. Assevado claims to have slept only three to four hours during the day when no one was in the observed apartment.
Justin Serpas testified as to his ability to provide a proper home for his daughter in the event that he is granted custody. On cross-examination, he admitted that Krystal told him on two occasions that she did not want to live with him.
Krystal Serpas then gave her testimony in the presence of only the trial judge, the court reporter and the two attorneys. She testified that Dobard never spent the night at their apartment and that he was never there when she woke up in the morning but that he sometimes arrived while she was getting ready for school.
On appeal, Justin Serpas alleges that the trial judge committed manifest error in denying his motion for custody when the evidence allegedly proved that Kay Serpas and John Dobard violated the court’s Fulco admonition by living together in open concubinage. Alternatively, Mr. Serpas contends that the court’s finding that Mrs.
Serpas and Dobard had not actually spent the entire night together was not a sufficient basis for holding that the Fulco admonition had not been violated in light of Mrs. Serpas and Dobard’s almost constant companionship.
The standard of appellate review in child custody cases is stated in Bagents v. Bagents, 419 So.2d 460 (La.1982), as follows:
“In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court’s better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts.”
The lower court’s decision in this case involved several credibility determinations by the trial judge. The judgment which continued custody of Krystal Serpas with Kay Serpas was a result of these determinations and we do not find that the conclusion of the trial judge was manifestly erroneous.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.